**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No. 05-33607

BRENDA COURTNEY

        Debtor


BRENDA COURTNEY

        Plaintiff

v.                              Adv. Proc. No. 05-3178

STEVE MOORE

        Defendant


**M E M O R A N D U M**

**APPEARANCES:**   RICHARD M. MAYER, ESQ.
      1111 Northshore Drive, Suite S-570
      Knoxville, Tennessee 37919
      Attorney for Plaintiff/Debtor

    Steve Moore
      1700 Clinch Avenue, Apt. 410
      Knoxville, Tennessee 37916
      c/o Red Rose Inn
      1526 East Route 66
      Flagstaff, Arizona 86001-4821
      *Pro Se* Defendant


**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed on October 20, 2005, by the Plaintiff/Debtor, alleging that the Defendant, Steve Moore, has willfully violated the automatic stay of 11 U.S.C.A. § 362(a) (West 2004) and that she is entitled to compensatory and punitive damages pursuant to 11 U.S.C.A. § 362(h) (West 2004).

The trial was held on March 13, 2006. The record before the court consists of two exhibits introduced into evidence, along with the testimony of two witnesses, Larry Vaughn, Attorney, and the Debtor. Although the Defendant, acting *pro se*, filed a response to the Complaint on December 1, 2005, entitled "Plaintiff Answer to Defendant's Complaint" (Answer), he did not appear at the pretrial conference held on February 15, 2006, nor did he appear at the trial.[1]

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) and (O) (West 1993).

# I

The Debtor filed the Voluntary Petition commencing her Chapter 7 bankruptcy case on June 30, 2005, listing the Defendant as a creditor in her statements and schedules, based upon a lawsuit he had commenced against her in the Roane County Chancery Court.[2] The Defendant was

---

[1] Notwithstanding the Defendant's failure to appear, two witnesses he had subpoenaed to testify in a second adversary proceeding did appear at the trial. The other adversary, No. 05-3149, relates to a Complaint Objecting to Discharge filed by the Defendant against the Debtor on September 30, 2005, which was originally consolidated for trial on March 13, 2006, with the present adversary proceeding. The trial in Adv. No. 05-3149 was, however, continued to May 8, 2006, pursuant to a Memorandum and Order entered on February 22, 2006, necessitated primarily by the Defendant's failure to participate in discovery, failure to appear at the scheduling conference, and failure to file a statement identifying the specific subsections of Bankruptcy Code §§ 727(a) and 523(a)(2) he is relying on in support of his discharge/dischargeability action against the Debtor as directed by the court in two separate orders.

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of the case file in the Debtor's bankruptcy case.

given notice of the Debtor's bankruptcy case in care of his attorney, Charles Hill, in Kingston, Tennessee.

On March 15, 2005, the Defendant, acting *pro se*, filed a Complaint in the United States District Court for the Eastern District of Tennessee, Northern Division, against the Debtor and various other defendants (District Court Lawsuit), alleging fraud, deceit, unjust enrichment, and civil conspiracy.[3]  The Complaint was not served on the Debtor, and on July 18, 2005, the Defendant filed a motion to amend his complaint.  The District Court granted his motion to amend, and on July 22, 2005, the Defendant filed an Amended Complaint.  The Defendant personally served the Debtor with the Amended Complaint at a deposition on September 27, 2005.  *See* TRIAL EX. 1.  Prior to the deposition and his service of the Amended Complaint, the Defendant acknowledged his awareness of the Debtor's bankruptcy case to the Debtor and to her attorney in the Roane County litigation, Mr. Vaughn.

On October 20, 2005, the Plaintiff filed the Complaint initiating this adversary proceeding.  The Defendant filed his Answer on December 1, 2005, stating that he only found out about the Plaintiff's bankruptcy case by accident and alleging that the Plaintiff's Complaint should be dismissed.  On December 6, 2005, the court entered an Order setting the scheduling conference for January 5, 2006.  On December 27, 2005, the Defendant filed a Motion to hold the scheduling conference telephonically, which was denied by an Order entered on January 9, 2006.  The January 9, 2006 Order also continued the scheduling conference to February 16, 2006, set the matter for trial on March 13, 2006, and defined the issues as follows:  (1) whether the Defendant has

---

[3] Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of the District Court Lawsuit.

violated the automatic stay; (2) if the Defendant has violated the automatic stay, whether such violations were willful, thus entitling the Debtor to actual damages; and (3) if the Debtor is entitled to damages, the amount thereof. The Defendant did not appear at the pretrial conference. On February 21, 2006, the court entered an Order directing that the trial would proceed as scheduled on March 13, 2006, at which time judgment could be entered against the Defendant upon his failure to appear and defend. As stated, he did not appear at the trial.

## II

The commencement of the Debtor's bankruptcy case triggered the protection of the automatic stay, which provides in material part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301 . . . operates as a stay, applicable to all entities, of—
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C.A. § 362 (West 2004).

"The protections of the stay are automatic and mandatory with the filing of the bankruptcy petition." *Enron Corp. v. Calif. ex rel. Lockyer (In re Enron Corp.)*, 314 B.R. 524, 533 (Bankr. S.D.N.Y. 2004). The main purposes of the automatic stay are to provide the debtor with "'a breathing spell' from collection efforts and to shield individual creditors from the effects of a 'race to the courthouse,' thereby promoting the equal treatment of creditors." *In re Printup*, 264 B.R. 169, 173 (Bankr. E.D. Tenn. 2001). Actions taken in violation of the automatic stay are "invalid and

4

voidable and shall be voided absent limited equitable circumstances." *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 911 (6th Cir. 1993).

At trial, the Debtor testified that she attended a deposition with the Defendant in the Roane County Chancery Court action on September 27, 2005, at which time the Defendant announced that he knew she had filed bankruptcy. The Debtor further testified that he then served her with the Amended Complaint filed in the District Court Lawsuit. The Debtor testified that it was only after she was served on September 27, 2005, that she even knew about the District Court Lawsuit.

Mr. Vaughn, the Debtor's attorney in the Roane County Chancery Court lawsuit, testified that he also attended the September 27, 2005 deposition, at which the Defendant acknowledged that he learned of the Debtor's bankruptcy case in early July 2005. Mr. Vaughn also testified that following their discussion about the bankruptcy, the Defendant served the Debtor with the Amended Complaint filed in the District Court Lawsuit.

Clearly, serving the Debtor with an Amended Complaint, post-petition, constitutes a violation of the automatic stay, namely § 362(a)(1), which precludes the continuation of a lawsuit, including service of process. Furthermore, once the Defendant was aware of the Debtor's bankruptcy case, he was under an affirmative duty not to proceed with any type of activity against her with respect to the District Court Lawsuit, or any other judicial proceeding. Nevertheless, even though Mr. Vaughn testified that the Defendant acknowledged that he learned of the bankruptcy filing in early July 2005, the Defendant not only filed and served the Amended Complaint on the Debtor, he also failed to stay the proceedings with respect to the Debtor until October 13, 2005, when he filed a motion to stay the District Court Lawsuit as to the Debtor. These actions constitute

5

not only a violation of the automatic stay, but a willful violation of the automatic stay, entitling the Debtor to damages.

"A violation is willful if 'the creditor deliberately carried out the prohibited act with knowledge of the debtor's bankruptcy case.'" *Printup*, 264 B.R. at 173 (quoting *Walker v. Midland Mortgage Co. (In re Medlin)*, 201 B.R. 188, 194 (Bankr. E.D. Tenn. 1996)).

> A specific intent to violate the stay is not required, or even an awareness by the creditor that her conduct violates the stay. It is sufficient that the creditor knows of the bankruptcy and engages in deliberate conduct that, it so happens, is a violation of the stay. Moreover, where there is actual notice of the bankruptcy it must be presumed that the violation was deliberate or intentional.
>
> Satisfying these requirements itself creates strict liability. There is nothing more to prove except damages.

*Printup*, 264 B.R. at 173 (quoting *In re Daniels*, 206 B.R. 444, 445 (Bankr. E.D. Mich. 1997)); *see also*, *In re Dunning*, 269 B.R. 357, 362 (Bankr. N.D. Ohio 2001) (a willful violation of the automatic stay does not require a specific intent to violate the stay). "[W]hether or not [a defendant] believed [his] actions were justified is of no consequence, all that is necessary to trigger section 362(h) sanctions is a willful act or willful failure in violation of the stay. The willfulness requirement refers to the deliberateness of the conduct and the knowledge of the bankruptcy filing, not to a specific intent to violate a court order." *In re Timbs*, 178 B.R. 989, 997 (Bankr. E.D. Tenn. 1994) (citations omitted). If the court determines that a willful violation occurred, and the Debtor suffered any injury due to the violation, the statute mandates an award of actual damages, including costs and attorneys' fees.

The record reflects that, as a result of the Defendant's willful violation of the automatic stay, the Debtor has incurred actual damages of lost wages, transportation costs, and attorney's fees. At

6

trial, the Debtor testified that, during the prosecution of this adversary proceeding, she missed four and one-half days of work, meeting with her attorney and attending trial. The Debtor stated that her salary was $11.50 per hour for some of the days that she missed and $12.00 per hour for others; however, she did not provide a specific breakdown and, accordingly, the court will rely on the $11.50 per hour figure, multiplied by eight hours per day, resulting in thirty-six hours of lost wages totaling $414.00.

The Debtor also testified to making four trips from her home in Harriman to Knoxville to attend meetings with her attorney and attend trial, during which she incurred transportation costs. The Debtor testified that the round trip is approximately 100 miles, and she used approximately one-half a tank of gas for each trip. The Debtor also testified that it costs her $30.00 to fill up her gas tank, so for the four trips to Knoxville that were testified to, the record reflects that the Debtor incurred actual transportation costs of $60.00.

Finally, the Debtor has incurred attorney's fees which are also compensable under § 362(h). Mr. Vaughn testified that he has spent 3.5 hours, at $200.00 per hour, on the Debtor's case, resulting in fees of $700.00. The court does not, however, find these fees attributable to any violation of the automatic stay by the Defendant and they are not, therefore, entitled to reimbursement. Additionally, the Debtor introduced into evidence as Trial Exhibit 2 a document setting forth the details of the attorney's fees that she has incurred with respect to her prosecution of this adversary proceeding. Trial Exhibit 2 reflects that the Debtor has, since October 2005, incurred additional attorneys' fees in the amount of $1,404.00. Because none of the Debtor's evidence concerning

actual costs has been disputed or rebutted, the court finds that she is entitled to actual damages, reflecting attorneys' fees, lost wages, and transportation costs, in the aggregate amount of $1,878.00.

In addition to her actual damages, the Debtor seeks punitive damages. "[I]n appropriate cases, [an injured party] may recover punitive damages" for a willful violation of the automatic stay. 11 U.S.C.A. § 362(h) (West 2004). "Punitive damages are appropriate to deter a pattern of behavior that ignores the automatic stay." *In re Kortz*, 283 B.R. 706, 713 (Bankr. N.D. Ohio 2002) (holding that "[w]hen pre-petition creditors ignore § 362 of the Code, they do so at their peril."). Additionally, "[i]f the bankruptcy court believes that the amount of such actual damages is insufficient to deter the kind of deliberate and repeated violations of the automatic stay which [are] evident in this case, the bankruptcy court is free to impose an appropriate amount of punitive damages." *Dunning*, 269 B.R. at 363 (quoting *Archer v. Macomb County Bank*, 853 F.2d 497, 500 (6th Cir. 1998)). Generally, an award of punitive damages requires a showing of egregious and intentional misconduct. *See, e.g., Kortz*, 283 B.R. at 713.

There is nothing in the record to justify imposition by the court of punitive damages. The Defendant has prosecuted the District Court Lawsuit, as well as defended this adversary proceeding, *pro se*. Although ignorance of the law is not a defense to violation of the automatic stay, the court does not find the requisite malicious intention behind the Defendant's stay violation necessary to award punitive damages. Additionally, at some point the Defendant apparently realized the implications of the Debtor's bankruptcy case, because on October 13, 2005, he filed a motion to stay the District Court Lawsuit as to the Debtor, because of her bankruptcy. The court does not find punitive damages appropriate under these circumstances.

8

A judgment consistent with this Memorandum will be entered.

FILED: March 21, 2006

>BY THE COURT
>
>*/s/ RICHARD STAIR, JR.*
>
>RICHARD STAIR, JR.
>UNITED STATES BANKRUPTCY JUDGE